UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD WILLIAM SMITH                                      CIVIL ACTION

VERSUS                                                    NO. 14-2207

TERREBONNE PARISH CRIMINAL                                SECTION: "I"(3)
JUSTICE COMPLEX, ET AL.

# REPORT AND RECOMMENDATION

Plaintiff, Donald William Smith, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Claiming that he was injured in a fall, plaintiff sued the Terrebonne Parish Criminal Justice Complex and Sheriff Jerry Larpenter.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, the undersigned recommends that, for the following reasons, this matter be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claim

In its entirety, plaintiff's statement of his claim is as follows: "Walking down the step and caugh [sic] a seizure and fell down to the floor. Injury [sic] right shoulder and lower neck."[2] As an initial matter, the Court notes that plaintiff has not named a proper defendant with respect to this claim.

As noted, plaintiff sued the Terrebonne Parish Criminal Justice Complex. However, it is clear that "[t]he Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances. A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013) (quotation marks and brackets omitted); accord Authement v. Terrebonne Parish Sheriff's Office, Civ. Action No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No.

---

[2] Rec. Doc. 1, p. 5.

3

09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007).

Plaintiff also named Sheriff Jerry Larpenter as a defendant. However, plaintiff has failed to state a proper claim against Larpenter in either his official capacity or his individual capacity.

As to any official-capacity claim, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Larpenter would in reality be a claim against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura,

4

76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his rights were violated as a result of a policy or custom, much less identify such a policy or custom. For that reason, it is clear that he has failed to state a proper claim against Larpenter in his official capacity.

Plaintiff likewise has not stated a proper claim against Larpenter in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this lawsuit, plaintiff does not allege that Larpenter was personally involved in the events which gave rise to the claim in this lawsuit. Moreover, although Larpenter is a supervisory official, it is clear that he may not be held liable pursuant to § 1983 under any theory of strict liability[3] or vicarious liability.[4]

---

[3] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[4] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

Lastly, the Court need not give plaintiff an opportunity to amend his complaint to name a proper defendant, because it is clear that his underlying claim is frivolous and/or fails to state a claim on which relief may be granted for the following reasons.

As noted, plaintiff brought this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

That second element is clearly lacking with respect to plaintiff's "slip and fall" claim because such claims are grounded in state tort law, not federal constitutional law as required for a proper § 1983 claim. See, e.g., Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Coleman v. Sweetin, 745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law. We agree with this conclusion. ... Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from

6

slip and fall accidents."); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (noting that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983").

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this third day of October, 2014.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.